UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:92-cr-18-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| EDDIE MOBLEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Eddie Mobley's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (Doc. No. 40). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc.

Also pending are the following pro se motions filed by Defendant, in which he similarly seeks a reduction in his sentence or appointment of counsel: (Doc. No. 31, 32, 33, 34).

### I. Background

Between 1991 and 1992, Defendant managed the distribution of crack cocaine out of a "crack house" in Charlotte, North Carolina. (Case No. 3:92CR18, PSR at ¶ 9). The crack house operated 24 hours a day, and between three-and-a-half and five kilograms of crack were reasonably foreseeable to Defendant. (Id.). Defendant procured several handguns for his co-conspirators, and when police searched an associate's home, they found Defendant sitting on 30 rocks of crack cocaine with a loaded semi-automatic pistol within his reach. (Id.).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846; possession with intent to distribute crack cocaine, 21 U.S.C. § 841; and possession of a firearm during and in relation to a drug-trafficking offense, 18 U.S.C. § 924(c)(1). (Id., PSR at ¶ 1). A jury convicted Defendant of each offense.

(Id. at ¶ 2).

Based on a total offense level of 43 and a criminal history category of IV, the Sentencing Guidelines called for a sentence of life in prison for the drug-trafficking offenses and a mandatory consecutive sentence of 60 months in prison for the firearm offense. (Id. at ¶¶ 21, 38, 60). Defendant faced a statutory, mandatory minimum term of 10 years in prison for the conspiracy offense and a statutory range of between five and 40 years in prison for the substantive drug-trafficking offense. (Id. at ¶ 61; 21 U.S.C. § 841(b)(1)(A), (b)(1)(B)). This Court sentenced Defendant to life in prison for the drug-trafficking offenses and a consecutive term of 60 months in prison for the firearm offense. (Id., Original Judgment at 2). In September 2009, this Court applied Amendment 706 to the Sentencing Guidelines and reduced Defendant's sentence for his drug-trafficking offenses to 360 months in prison, resulting in an aggregate sentence of 420 months in prison. (Id., Doc. 4).

When Defendant was charged and sentenced, the penalties for his offense were driven by Congress's decision in the Anti-Drug Abuse Act of 1986 to punish crack cocaine offenses 100 times more harshly than powder cocaine offenses, disproportionately impacting African-American defendants. To lessen this disparity, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220. Section 2 of the Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties by raising the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." These changes reduced the 100:1 ratio to an 18:1 ratio. Also, Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to people sentenced before the Act's passage. On December 21, 2018, the First Step Act of 2018 was enacted, giving retroactive effect to the changes made by Sections 2 and 3

of the Fair Sentencing Act of 2010.  See Pub. L. 115-135 (2018), § 404.

Defendant filed the pending motion through counsel on April 1, 2020, arguing that this Court should exercise its discretion to impose, under the First Step Act, a reduced sentence of time served.  The Government has filed a response, in which the Government agrees that Defendant is entitled to relief under the First Step Act and that the Court should impose the sentence requested by Defendant.

## II.     Discussion

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps.  First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction.  Second, if the person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much.  In doing so, the court must consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation.

First, the parties agree that, in light United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), the Defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction.  Furthermore, the Government states in its response that it does not oppose the reduction of Defendant's sentence to time served.  After considering the arguments made in support of the motion, Defendant's positive institutional record, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant is eligible for a sentence reduction and that such a reduction is warranted in this case.  Accordingly, the Court enters the following Order:

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. No. 40) is **GRANTED**, and the Court

3

hereby orders that Defendant's term of imprisonment is reduced to **TIME SERVED**. All other terms and conditions of the original judgment shall remain the same.

**(2)** Defendant's pro se motions in the following docket numbers are **DENIED** as moot: Doc. No. 31, 32, 33, 34. The Clerk shall terminate these motions.

**(3)** Defendant is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to fourteen days to comply with this order.

**(4)** The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: April 30, 2020

*[Signature]*

Max O. Cogburn Jr
United States District Judge